1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  ODIS WILEY, JR.,                          1:12-cv-00144-BAM (HC)

10                    Petitioner,        ORDER DENYING PETITIONER'S MOTION
                                         FOR RECONSIDERATION
11       v.
                                         [Doc. 19]
12
     JAMES D. HARTLEY,
13
                      Respondent.
14  _____/

15
16       On July 13, 2012, the Court denied the petition for writ of habeas corpus filed pursuant to

17  28 U.S.C. § 2254, and judgment was entered in favor of Respondent.[1]

18       On July 26, 2012, Petitioner filed a motion for reconsideration of the Court's July 13,

19  2012, order.  In his motion for reconsideration, Petitioner seeks reconsideration by a District

20  Judge and claims that the undersigned was biased and prejudiced concerning the facts of his

21  underlying conviction.

22       A United States Magistrate Judge may obtain jurisdiction by consent of the parties.  See

23  28 U.S.C. § 636.  On February 10, 2012, Petitioner indicated that he consented to have the

24  undersigned Magistrate Judge issue all dispositive rulings in this case pursuant to 28 U.S.C. §

25  636(c).  That subsection provides that the magistrate judge "may conduct any or all proceedings

26  in a jury or nonjury civil matter and order the entry of judgment. . . ."  In such cases, the

27  _____
28       [1] Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States
     magistrate judge.  Local Rule 305(b).

1  Magistrate Judge sits as the District Judge, and therefore rules on all matters in the case.

2  It now appears that Petitioner mistakenly believes that despite his consent to Magistrate

3  Judge jurisdiction, he has recourse by way of a motion for reconsideration before a district judge.

4  However, when a party has consented to proceed before a magistrate judge, as Petitioner did, that

5  party should file a motion for reconsideration with the magistrate judge who issued the order.

6  Therefore, Petitioner is not entitled to reconsideration by a district judge and his request is

7  denied.

8  The Court construes Petitioner's motion as a request for reconsideration of the Court's

9  July 13, 2012, order denying the petition for writ of habeas corpus.

10  Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

11  district court.  The Rule permits a district court to relieve a party from a final order or judgment

12  on grounds of:

13  (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have
14  been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
15  misconduct by an opposing party;
    (4) the judgment is void;
16  (5) the judgment has been satisfied, released or discharged; it is based on an
    earlier judgment that has been reversed or vacated; or applying it prospectively is
17  no longer equitable; or
    (6) any other reason that justifies relief.
18

19  Fed. R. Civ. P. 60(b)(1)-(6).

20  Motions for reconsideration are committed to the discretion of the trial court.  Combs v.

21  Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460

22  (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly

23  convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water

24  Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part

25  on other grounds, 818 F.2d 514 (9th Cir. 1987).

26  Petitioner is challenging facts and/or evidence that was presented or not presented at his

27  underlying criminal trial.  Petitioner's motion for reconsideration is based on his disagreement

28  with the Court's decision on the merits and application of the law to his petition.  Petitioner has

2

1    not shown clear error or other meritorious grounds for relief, and has therefore not met his

2    burden as the party moving for reconsideration.  Marlyn Nutraceuticals, Inc. v. Mucos Pharma

3    GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).  Petitioner's disagreement is not sufficient

4    grounds for relief form the order.  United States v. Westlands Water Dist., 134 F.Supp.2d 1111,

5    1131 (E.D. Cal. 2001).

6          Petitioner's claim that he was subject to bias and prejudice by the undersigned is also

7    without merit.  "A judge is required to disqualify himself if his impartiality might reasonably be

8    questioned, or if he has a personal bias or prejudice for or against a party."  Hasbrouck v. Texaco,

9    Inc., 842 F.2d 1034, 1045 (9th Cir. 1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1), aff'd, 496 U.S.

10   543, 110 S.Ct. 2535 (1990).  "The bias must stem from an extrajudicial source and not be based

11   solely on information gained in the course of the proceedings."  Id. (citing In re Beverly Hills

12   Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984)).  "'Judicial rulings alone almost never constitute a

13   valid basis for a bias or partiality motion.'"  In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir.

14   2004) (quoting Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)).  "'In and of

15   themselves . . ., they cannot possibly show reliance upon an extrajudicial source; and can only in

16   the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no

17   extrajudicial source is involved.'"  Id.

18         Petitioner has not alleged anything more than his mere disagreement with the Court's

19   rulings, which cannot form the basis for bias or reconsideration.  Accordingly, Petitioner has not

20   shown a basis for relief under Rule 60(b), and his motion for reconsideration must be DENIED.

21         IT IS SO ORDERED.

22   **Dated:**    **July 30, 2012**       **/s/ Barbara A. McAuliffe**
                            UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28